BROWNE *v.* SANDERS ET UX.

[76 South. 645, Division B.]

MORTGAGES. *Foreclosure sale. Surplus. Recovery.*

Where a bill was filed by a husband and wife charging that they executed a trust deed to secure a debt to defendant who on foreclosure, bid in the property for an amount greater than the debt, and that the sale was made subject to a prior deed of trust of an association and asking judgment for the surplus, and the defendant answered that he bid in the property under an arrangement by which he was to bid for them and take up the debt to the association, and there was evidence, that the trustee made the sale under the understanding as contended by the defendant and that a contract was signed by defendant and the husband pursuant to such arrangement and there was also evidence that the husband arranged with defendant to buy the property for him and that there was no such understanding until after the sale, and there was no evidence conveying knowledge of this arrangement to the wife except that the husband usually attended to the wife's business. In such case judgment for the wife for one-half of the surplus was erroneous, the chancellor either should have set aside the sale to defendant as being made under a mistake of fact or else should have held defendant to his bid and allowed both the husband and wife to recover the difference, and charged them with the rent between the time of sale and judgment and given defendant possession of the property by decree.

APPEAL from the chancery court of Holmes county. HON. A. Y. WOODWARD, Chancellor.

Bill by J. L. Sanders and wife against J. H. Browne. From the decree rendered, defendant appeals.

The facts are fully stated in the opinion of the court.

*E. F. Noel* and *J. D. Guyton,* for appellant.

*Elmore & Ruff,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

J. L. and M. M. Sanders filed a bill in the chancery court of Holmes county against J. H. Browne, alleging that the said J. L. and M. M. Sanders were the owners of a lot and house in the town of Durant, Miss., and some pasture lands, about thirty-five acres, near said town in said county, and that the said J. L. and M. M. Sanders executed a deed of trust to secure a certain indebtedness to Browne, said deed of trust and note being an exhibit to the bill; that Browne foreclosed said deed of trust and bid in the same at one thousand five hundred and twenty dollars; that the indebtedness to Browne was about six hundred and thirty-one dollars, alleging that the said sale was made subject to a prior deed of trust to the Georgia State Savings Association, and this suit was brought for the difference in the bid and the amount of the deed of trust, six hundred and thirty-one dollars, and demanded judgment for eight hundred and ninety-four dollars.

Browne answered the bill and admits the deed of trust and sale and the amount of the bid, but contends that he bid the property in under an arrangement by which he was to bid the place in for Sanders and wife and take up the indebtedness to the Georgia State Savings Association, and give the appellees twelve months in which to redeem said amount, during which time they would have the possession of the property without any charge for rent, and denies that he is due J. L. and M. M. Sanders the difference between the bid and the six hundred and thirty-one dollars, as claimed.

It appears in evidence that, when Browne went to the trustee, one G. H. McMorrough, an attorney of Lex-

ington, Miss., he stated to the trustees, McMorrough, that he was to bid the property in for Sanders and give Sanders twelve months- in which to redeem the property, and McMorrough advertised and made the sale of the property under this understanding, and instead of demanding the amount bid at the time, marked the deed of trust so as to indicate that the amount of the bid was paid upon the indebtedness. Within a very short time, less than two hours, after the sale Browne went to Sanders and told him he was ready to fix up the papers so as to give him the time agreed upon, and they went to a notary public in the town of Durant and drew a contract by which Sanders was to have twelve months in which to redeem the indebtedness, and to occupy the property in the meantime rent free. This contract was signed by Browne and J. L. Sanders, but was not presented to and signed by M. M. Sanders, who was the wife of J. L. Sanders; and she testifies she had no knowledge of any arrangement as testified to and contended for by Browne. On the same day of the sale, and after the execution of this contract between J. L. Sanders and Browne, J. L. and M. M. Sanders retained an attorney to bring suit for the purchase money above the indebtedness due on the deed of trust from them to Browne. There is testimony in the record sufficient to warrant the belief that Sanders arranged with Browne to buy in the property for him, and that he desired to retain it as a home, and to have twelve months in which to raise the money with which to pay off the indebtedness. There is also evidence in the record that would warrant the belief that there was no such understanding on the part of J. L. Sanders and Browne until after the sale. There is no evidence in the record, except the fact that Mrs. Sanders testifies that her husband usually attended to the business for herself and himself, that would convey knowledge to Mrs. Sanders of the arrangement between Browne and J. L. Sanders. In this state of the case the chancellor held that the con-

tract between Browne and Sanders was binding on J. L. Sanders, and that he was estopped to sue for any part of the purchase money. But the chancellor held as to M. M. Sanders that she was entitled to one-half the purchase money above the indebtedness due Browne, and he entered judgment accordingly for Mrs. Sanders, but denied recovery as to J. L. Sanders.

It appears to us that the chancellor either should have set aside the sale to J. H. Browne, as being made under a mistake of fact, or else should have held Browne to his bid and allowed both J. L. and M. M. Sanders to recover the difference, and charged them with the rent between the time of sale and judgment, and given Browne possession of the property by decree. We do not see how the judgment as rendered by the chancellor can be upheld; because there was either an understanding to the effect contended for by Browne, or there was no such understanding, and if the sale was made on the understanding as testified to by Browne and his witnesses when in fact Mrs. Sanders was not a party to it, then Browne should not be held to a bid made under a mistaken belief that he was bidding in for Sanders at the request of Sanders and his wife. The judgment, therefore, will be reversed and the cause remanded for a proper decree.

*Reversed and remanded.*